CA 04-283 E

Clerk of Court:

In this letter, are case's and law's etc. Concerning parole. The (PBPP) violated my right to be re-paroled, after my 9 month technical violation ended in April 2004. After that the PBPP, continued to further punish me, for arbitary reasons. In this case, the PBPP has no factual evidence to further incarcerate the petitioner. The PBPP based its facts on acts committed after the facts. After the petitioner completed his 9 month's of incarceration for his technical violation. And after the petitioner's open case was disposed of 2004 Feb. And after the petitioners former unit manager sabotaged the petitioner's chance for re-parole, by removing petitioner from his treatment program and labelled him a security risk, which made the petitioner look bad in the eye's of the PBPP. The PBPP acknowleged all of these events and went on to say that the petitioner could have committed a crime. The petitioner has continued to be punished by incarceration because of the wrongful acts of the PBPP and his former unit manager.

(1)

The PBPP filed a motion to dismiss, claiming that the petitioner has (no) right to a liberty intrest for parole. In Defoy vs. McCullough, 2005 WL 14809 (C.A.3 (PA) 2005). On remand, the court found that Defoy does have a right to a liberty intrest for parole. The petitioner should have that same right, the petitioner has admitted to his crime for fear of maxing out his sentence of 20 yrs. And the petitioner also in this case was denied the right to due process. The PBPP seems to have a political choke hold on the justice system and on parole violators and inmates.

(2)

In conlusion, the petitioner in this case should no longer suffer the punishment from the PBPP, which was created by the former unit manager's wrongful acts. This form of punishment is cruel and unsuall. The petitioner continues to suffer because of the political and broad discretion of the PBPP. The petitioner asks this honorable court to restore his rights to be paroled and to enforce the laws, mandates, statues that not only protects the petitioner, but also holds the PBPP solely responcible for its violations and political strong arming. Petitioner asks for a speedy hearing on this case.

Respectfuly,

Bruen Cohen
BV-4156
10/13/05