# THE SENTENCING CODE
## TITLE 42 PA. C.S.A. 9701 et seq.

THE PA. BOARD OF PROBATION AND PAROLE, THE DEPT. OF CORRECTIONS AND THE STATE APPELLATE COURTS HAVE MADE DECISIONS BASED ON THE PRIOR SENTENCING CODES OF INDEFINITE SENTENCES. IT IS EVIDENT THAT THEY NEVER READ THE MANDATES OF 42 PA. C.S.A. 9721 & 9756 WHICH STATES THE LAW IN PENNSYLVANIA REGARDING SENTENCING OF CRIMINAL OFFENDERS.

THE GENERAL ASSEMBLY ENACTED THE 1973 CRIMES CODE TO SUPERSEDE THE 1939 PENAL CODE THEN ADOPTED THE 1974 SENTENCING CODE, (42 PA. C.S. SECTION 9701, et seq.) TO SUSPEND/A PRIOR SENTENCING AND PAROLE STATUTES. A TRIAL COURTS DISCRETION WAS FETTERED BY THESE STATUTORY CRITERIA AS WELL AS BY PA. RULES OF CRIMINAL PROCEDURE WHEN IMPOSING SENTENCE

THE COURT, NOT THE PAROLE BOARD, MUST CONSIDER THE CHARACTER OF THE DEFENDANT AND THE PARTICULAR CIRCUMSTANCES OF THE OFFENSE IN LIGHT OF THE LEGISLATIVE GUIDELINES FOR SENTENCING, AND MUST IMPOSE A SENTENCE THAT IS THE MINIMUM SENTENCE CONSISTENT WITH TH PROTECTION OF THE PUBLIC, THE GRAVITY OF THE OFFENSE, AND THE REHABILITATIVE NEEDS OF THE DEFENDANT...(18 PA. C.S. SECTION 1321(b).

THE PA. LEGISLATURE HAD COMMISSIONED GUIDELINES BECAUSE IT WAS DISSATISFIED WITH P/ SENTENCING. ACCORDINGLY, THE SENTENCING CODE PROVIDES THAT: "ALL ACTS AND PARTS OF ACT! ARE REPEALED IN SO FAR AS THEY ARE INCONSISTENT HEREWITH." BECAUSE OF THE FEAR OF CRITICISM, PUBLIC OUTCRY AND POLITICAL INTIMIDATION, THE PA. COURTS HAVE, IN EFFECT, SANCTIONED THE PAROLE BOARD'S "TAKE OVER" OF THE SENTENCING AUTHORITY OF THE COURTS BY THEIR DENIAL OF PRISONERS ACCESS TO THE STATE COURTS ON BASELESS GROUNDS AND DECISIONS.

ARTICLE V, SECTION 9 OF THE PA. CONSTITUTION CLEARLY & PLAINLY STATES: "THERE SHAL BE A RIGHT OF APPEAL FROM AN ADMINISTRATIVE AGENCY TO A COURT OF RECORD OR TO AN APPELLA COURT." THERE ARE NO EXCEPTIONS TO THIS RIGHT. THE U.S. SUPREME COURT STATED THAT JUDIC DISCRETION IS A LEGAL DISCRETION, NOT A PERSONAL DISCRETION AND IT MUST BE EXERCISED IN CONFORMITY TO THE CONSTITUTION AND THE LAWS OF THE LAND. THE TRUE FACTS ARE THAT SINCE 1976 THE PAROLE BOARD HAS SYSTEMATICALLY VIOLATED THE MANDATES OF THE PA. SENTENCING REFORM ACT, 42 PA. C.S.A., SECTIONS, 9721 & 9756, WHICH SUSPENDED/AMENDED PRIOR SENTENCI AND PAROLE STATUTES.

## RIGHT TO PAROLE

PRISONERS IN PA. DO HAVE A RIGHT TO PAROLE. FIRST THE PREFATORY STATEMENT OF PURPOS AND INTENT OF THE PAROLE ACT ITSELF ENGENDERS A RIGHT TO PAROLE! ENTITLED, "PUBLIC POLI( AS TO PAROLE," SECTION 331.1 CLEARLY ARTICULATES LEGISLATIVE INTENT WITH REGARD TO PAROLE: "IT IS DECLARED TO BE THE PUBLIC POLICY OF THIS COMMONWEALTH THAT PERSONS SUBJECTED OR SENTENCED TO IMPRISONMENT FOR CRIME SHALL, ON RELEASE THEREFROM, BE SUBJECT TO A PERIOD OF PAROLE...IT IS THE INTENT OF THIS ACT TO CREATE A UNIFORM AND EXCLUSIVE SYSTEM FOR THE ADMINISTRATION OF PAROLE IN THE COMMONWEALTH." THUS, IT IS CLEAR THAT THE GENERAL ASSEMBLY INTENDED FROM THE INCEPTION OF THE PAROLE ACT TO CREATE A "RIGHT TO PAROLE." THE PAROLE BOARD AND THE STATE COURTS ARE ACTING CONTRARY TO THIS INTENT. ALSO, THE RIGHT TO PAROLE IS WRITTEN PLAINLY AND CLEARLY IN SECTION 9756(c) of 42 PA. C.S. WHICH STATES: "EXCEPT IN THE CASE OF MURDER OF THE FIRST DEGREE, THE COURT MAY IMPOSE A SENTENCE OF IMPRISONMENT WITHOUT THE RIGHT TO PAROLE ONLY WHEN: (SUMMARY OFFENSES ARE CHARGED, SENTENCE IS FOR NONPAYMENT OF FINES OR COSTS, OR THE MAXIMUM TERM IS LESS THAN 30 DAYS.)" THE WORDS "RIGHT TO PAROLE" ARE PLAINLY WRITTEN IN THE CODE. THE PAROLE BOARD HAS NO AUTHORITY TO USURP THE COURTS STATUTORY AUTHORITY TO ORDER APPROPRIATE PRE-PAROLE INCARCERATION NOR TO NULLIFY LEGISLATIVE INTENT BY DENYING PAROLE PURSUANT TO OBSOLETE INTERPRETATIONS AND APPLICATION OF THE 1941 PAROLE ACT.

THE SENTENCING CODE MANDATES RELEASE FROM INCARCERATION UPON EXPIRATION OF THE COURT IMPOSED MINIMUM TERM. SECTION 9721(e) OF 42 PA. C.S.A. STATES THE TERM OF IMPRISONMENT, "ALL SENTENCES OF IMPRISONMENT IMPOSED UNDER THIS CHAPTER SHALL BE FOR A DEFINITE TERM." SECTION 9721(e) EXPRESSLY SUSPENDS IMPOSITION OF DIAMETICALLY OPPOSED INDEFINITE SENTENCES PREVIOUSLY REQUIRED BY 19 P.S. SECTION 1057. THEREFORE, SENTENCES OF IMPRISONMENT IMPOSED PURSUANT TO CHAPTER 97 OF THE CODE IN GENERAL AND SECTION 9721 (INCLUDING SENTENCING GUIDELINES) IN PARTICULAR ARE MINIMUM TERMS OF DEFINITE DURATION AND ARE EXEMPT FROM ENHANCEMENT BY THE PAROLE BOARD OR ANY OTHER INDIVIDUAL OR AGENCY.

THUS, IT IS CLEAR THAT ONLY THE BOARD'S POWER TO ADMINISTER PAROLE REMAINS INTACT; THAT IS, (1) THE LOGISTICS OF RELEASING A PRISONER ON PAROLE UPON EXPIRATION OF MINIMUM TERM, (2) SUPERVISION OF PAROLES, (3) RECOMMITMENT, AND (4) REPAROLE.

AS DEFINED PREVIOUSLY, THE WORDS "RIGHT," "PAROLE," "DEFINITE" AND "INDEFINITE" ARE WELL UNDERSTOOD BOTH IN TERMS OF PLAIN MEANING AND COMMON USAGE; IN PENNSYLVANIA, THE EXPRESSIONS "DEFINITE TERM" AND "RIGHT TO PAROLE"...CONSTRUED TOGETHER, CLEARLY MEAN FREEDOM FROM INCARCERATION AT THE EXPIRATION OF A MINIMUM TERM.

FINALLY, AND MOST GERMANE: "ALL WORDS AND PROVISIONS OF STATUTES ARE INTENDED TO HAVE MEANING AND ARE TO BE GIVEN EFFECT...THE WORDS OF A STATUTE ARE NOT TO BE CONSTRUED AS SURPLUSAGE." SECTIONS 9721(e) AND 9721(c) CANNOT BE CONSIDERED REDUNDANT OR MEANINGLESS. PURSUANT TO PRESENT JUDICIAL AND PAROLE BOARD INTERPRETATIONS, THE MINIMUM TERM MANDATED BY SECTION 9756(b) ENGENDERS PAROLE ELIGIBILITY. TO HOLD THAT THE TERM "RIGHT TO PAROLE" ANNEXED TO SENTENCING PROCEDURES BY SUBSECTION (c) MEANS MERE PAROLE ELIGIBILITY IS ABSOLUTELY CONTRARY TO THE MANDATES OF THE SENTENCING CODE.

THE REQUIREMENT THAT THE BOARD *CONSIDER THE* "CONDUCT OF THE PERSON WHILE IN PRISON," THE "RECOMMENDATION OF THE DISTRICT ATTORNEY AND OF EACH WARDEN OR SUPERINTENDENT," "ANY RECOMMENDATION MADE BY THE TRIAL COURT," AND "THE WRITTEN OR PERSONAL STATEMENT OR TESTIMONY OF THE VICTIM OR THE VICTIM'S FAMILY," CANNOT SERVE AS FACTORS UNDER A DEFINIT SENTENCING SCHEME REGARDING WHEN TO PAROLE THE PRISONER BUT MAY BE UTILIZED ONLY TO ASCERTAIN THE LEVEL OF SUPERVISION ("ELECTRONIC MONITORING," "CURFEW," "INTENSIVE," ETC.), SUCH FACTORS INDICATE. THE ULTIMATE LEGAL RECOMMENDATION OF THE TRIAL JUDGE IS THE MINIMUM TERM IMPOSED! THE LIBERTIES OF PEOPLE IN AMERICA, ARE NOT TO BE COMMITTED TO SUCH DESPOTIC POWER AS THAT WIELDED BY THE PAROLE BOARD IN VIOLATION OF CONTEMPORARY

THE PAROLE BOARD CONTINUES TO INDICATE IN THEIR REASONS FOR PAROLE DENIAL THAT THE "MAXIMUM" SENTENCE IS THE REAL SENTENCE. THIS IS FALSE BECAUSE TITLE 42 PA. C.S.A. 9701 et seq. HAS NO GUIDELINES OR SENTENCING SCHEME THAT RELATES TO A MAXIMUM SENTENCE.

THE TRUTH IS THAT THE NEW SENTENCING CODE SPECIFICALLY STATES THAT THE MINIMUM SENTENCE UNDER THE SENTENCING GUIDELINES IS A DEFINITE SENTENCE. THE SENTENCING GUIDELINES ARE STRUCTURED AROUND MINIMUM MONTHS OF CONFINEMENT, WITH THE "RIGHT TO PAROLE." TITLE 42 PA. C.S. ETC. CONTROLS AND IS THE LAW IN PENNSYLVANIA REGARDING SENTENCING AND PUNISHMEN OF CRIMINAL OFFENDERS AND HAS BEEN THE LAW SINCE 1975. ALL PRIOR SENTENCING CODES, LAWS STATUTES ETC. ARE REPEALED AND NULLIFIED BY THE IMPLEMENTATION OF THE 1975 SENTENCING REFORM ACT, AND THERE ARE NO PROVISIONS IN 42 PA. C.S. 9701 et seq., WHICH REFER TO A MAXIMUM SENTENCE AS THE REAL SENTENCE.

## CONCLUSION

TITLE 42 PA. C.S.A. SECTIONS: 9721 & 9756, THE NEW SENTENCING CODE OF 1975, STATES THE LAW IN PENNSYLVANIA. IT IS EVIDENT THAT THE PAROLE BOARD HAS VIOLATED AND/OR IGNORED THAT STATUTE CAUSING UNTOLD GRIEF AND HARDSHIPS ON STATE PRISONERS AND THEIR FAMILIES. AMERICA CAN NO LONGER ALLOW POLITICAL INTIMIDATION TO INFLUENCE THE DECISIONS OF OUR COURTS AND ADMINISTRATIVE AGENCIES. "TOUGH ON CRIME" SHOULD NOT INCLUDE THE TOTAL DISREGA OF THE CONSTITUTIONAL PROTECTIONS AND OF STATE LAW AS IT RELATES TO CRIMINAL OFFENDERS.

P SMYTH