IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN COHEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-283E |
| ) | JUDGE McLAUGHLIN |
| PENNSYLVANIA BOARD OF ) | MAGISTRATE JUDGE BAXTER |
| PROBATION AND PAROLE, et al., ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is recommended that this petition for writ of habeas corpus be dismissed and a certificate of appealability be denied.

**II.   REPORT**

Petitioner, Brian Cohen, is a state prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania. He is serving a sentence of 6 to 20 years for rape and corruption of minors, which was imposed in 1992 in the Court of Common Pleas of Philadelphia County, Pennsylvania. Cohen was released on parole, but was recommitted when he violated the terms of his release. He now challenges the decision by the Pennsylvania Board of Probation and Parole to deny him reparole on April 24, 2004 (Docket #13, Appendix B). Specifically, Cohen argues that the Board improperly considered a prior criminal case which was "disposed of by the D.A.'s office", and that he was improperly removed from his treatment program while incarcerated due to personal animosity on the part of a Department of Corrections employee (Docket #5 at ¶12). The Board's written reasons for denial of parole follow:

> Your prior history of supervision failure.
>
> Your need to participate in and complete additional institutional programs.
>
> Your interview with the hearing examiner and/or board member.

(Docket #13, Appendix B).

The Commonwealth has responded to the petition, and asserts that petitioner has failed to exhaust state remedies and, in the alternative, that he has not presented claims which would warrant habeas relief (Docket #13). The petition is ripe for disposition.

### A. Exhaustion and procedural default.

Cohen concedes that he never attempted to appeal the Board's decision in state court. The only means for a Pennsylvania prisoner to appeal the denial of parole in state court is through a petition for writ of mandamus in the Commonwealth Court of Pennsylvania. DeFoy v. McCullough, 393 F.3d 439, 444-445 (3d Cir. 2005). However, this avenue of review is not available to petitioners who, like Cohen, assert that the state parole board considered improper factors. Id. Thus, there was no need for Cohen to seek review in the Commonwealth Court of Pennsylvania before filing the instant petition. Id. ("[W]e conclude that claims of constitutional violations in the denial of parole in Pennsylvania need not be presented to the state courts via a petition for writ of mandamus in order to satisfy the requirement of exhaustion.").

**B.** **Merits**

There being no procedural bar to review, the court will consider if Cohen's claims that the Board denied him parole for improper reasons warrants relief. "[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir.1996); Rauso, 79 F.Supp.2d at 551; Rogers v. Pa. Bd. of Probation and Parole, 555 Pa. 285, 724 A.2d 319, 323 (Pa.1999). Because Cohen cannot establish that there is a liberty interest in parole, he has not demonstrated a violation of a protected constitutional right which would allow him to present a procedural due process claim. Accordingly, the Board's decision cannot violate any federal constitutional right to procedural due process.

However, the Third Circuit has held that "even if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Block v. Potter, 631 F.2d 233, 236 (3d Cir.1980); see also, Rauso v. Vaughn, 79 F.Supp.2d 550, 551 (E.D.Pa.2000). Such a claim would be a substantive due process claim. To the extent that Cohen may be arguing that the Board arbitrarily and capriciously relied on unconstitutional factors or incorrect information to deny his application for parole, he nonetheless has failed to establish a violation of his substantive due process rights. The Supreme Court has held that "although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'" Burkett, 89 F.3d at 139 (citing Perry v. Sindermann, 408 U.S. 593, 597 (1972)). Under a substantive due process analysis, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights. Burkett, 89 F.3d at 140. In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. Block, 631 F.2d at 237.

Pennsylvania law grants the Board broad discretion to refuse or deny parole. Under

state law the Board is authorized:

> To release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to the [B]oard ... whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby.

61 Pa. Cons.Stat. Ann. § 331.21(a) ("Power to parole; refusal of parole at expiration of minimum term; controlled substance screening; recommitment and reparole"). The scope of the factors which the Board may consider is very broad, and includes:

> ... the nature and circumstances of the offense committed ... the general character and background of the prisoner ... the conduct of the person while in prison and his physical, mental and behavior condition and history ...

61 Pa. Cons.Stat. Ann. § 331.19 ("Investigation of circumstances of offenses and character and history of prisoner; matters considered in granting parole").

In this case, Cohen argues that it was improper for the Board to consider criminal charges which, apparently, were disposed of favorably to Cohen by the charging District Attorney. There is no provision of Pennsylvania law which limits the Board's consideration to only that criminal behavior which results in convictions. Thus, even if, as Cohen alleges, the Board considered charges which were ultimately not brought to trial, there is no constitutional infirmity arising from such consideration. Likewise, the Board may properly consider Cohen's progress in programs while incarcerated. Cohen was free to present to the Board his claim that he was unfairly denied participation in such programs by prison personnel. Again, no constitutional infirmity arises even if Cohen's allegations are correct since the Board may properly conclude, as it did, that Cohen should complete additional institutional programs prior to being released.

Petitioner has failed to show that the Board's decision violated his constitutional rights in any fashion. The instant petition should be dismissed.

### C.   Certificate of Appealability

Section 102 of AEDPA, 28 U.S.C. § 2253(c), codifies standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue … only if the applicant has made a

substantial showing of the denial of a constitutional right." Cohen has not made a showing that he has been denied his constitutional rights. Accordingly, a certificate of appealability should be denied.

### III.   CONCLUSION

It is respectfully recommended that this petition be dismissed and a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


/s/Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE


Dated: January 20, 2006


cc:   The Honorable Sean J. McLaughlin
      United States District Judge

      Brian Cohen, BV-4156
      SCI Albion
      10745 Route 18
      Albion, PA 16475

      Robert P. Englesberg, Esquire
      Office of the Attorney General
      6th Floor, Manor Complex
      564 Forbes Avenue
      Pittsburgh, PA 15219