SCANNED   RECEIVED

JAN 27 2006

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Brian Cohen
    Petitioner

v.

Pennsylvania Board of
Probation and Parole, et al.
    Respondents

CA No# 04-283 Erie

## Notice of Appeal
### Appeal from the judges report and Recommendation, and Petitioners Objections

Now on this day of, January ___, 2006, Petitioner Brian Cohen, brings this appeal and objections from the judges report and recommendations.

## Objections

1. The judge did not consider that prison personnel committed a crime against the petitioner. The fact that the petitioner's former unit manager and program manager conspired to have petitioner removed from his program (only) after charges were disposed of by the D.A. and (only) (after the fact) did they remove petitioner to prevent him from being re-paroled. This a violation of due process right to continue in program and parole.

2. The parole member's acknowleged this act between the unit manager and program manager and also questioned the petitioner concerning the disposed case, they even said, this removal from program was done after the fact meaning after the case was disposed of. The judge did not consider this as a const. violation. It was a violation, when PPB realized the act and did nothing to correct it.

3. Petitioner also sent evidence to show cause for these violations and a copy of petitioner's last green sheet and a completion and evaluation of petitioner's program. The PPB denied petitioner parole July 2005. The judge did not consider this a violation of petitioner's rights. The petitioner complied with PPB, and still due process was violated for re parole.

4. The petitioner send as evidence a 9701 which clearly states a prisoner does have a liberty intrest concerning parole. It's law with statues. With or with programs. The judge did not consider this to protect my rights under law. She contradicted herself about the liberty intrest concerning Defoy. first she says I don't, then she says I do have a liberty intrest, and my rights are still violated.

<u>cont:</u>

5. Petitioner sent as evidence the Defoy case to show that the PPB did in fact violate the petitioner's rights. The judge only spoke of it. In Defoy, I do have a due process right. The judge doesn't think I do have a due process right. Again she contradicts herself. She clearly wrong here an its a violation for due process.

6. The judge went back and forth with repot and recommendation. She says one thing, but she side's with the PPB. How can this judge say however for the petitioner that his arguements are correct, and then she goes against him. Oviously this judge does not like state prisoners.

7. The judge also states the 3rd cir. court says I do have due process and other rights by law and the const. under Defoy. But again the judge avoided consideration as to where the petitioners rights are concerned. The judge should protected Petitioner's rights as the court decided in Defoy.

8. Petetioner's proper due process rights where violated when his former unit manager and program manager removed the petitioner from his treatment program (RE: After the fact) And continued with the PPB. The judge clearly under mines all of the evidence that substanuates petitioner's const. rights and protections of the law. Again she ignors the fact that malish's act was committed against the petitioner that hindered him continuing treatment and re-parole.

## Arguments

In this appeal with objections, the court wronged the petitioner when it denied his rights and gave the PPB free reign to continue to punish the petitioner because the judge 1. recognizes the fact that the petitioner arguments are correct and yet she doesn't correct the problem. In 9701, its clear that there are laws and statues that mandates the PPB to comply with, instead the PPB continues to use its political muscle to do what ever it wants too. But in Defoy, its clear that the PPB dosn't have the right to violate rights and denie parole just because they have a broad discretion, in other words the PPB can go above and beyond the laws, statues, etc. And for any reason wether const. or arbitraily and capricious. to deny parole and never mind what the courts say. Because that's what judge Baxter is saying. She clearly contradicts herself thur out her report and recommendation. there have been case's decided against the PPB for said reasons. The judge prejudiced the petitioner by ignoring the hard evidence concerning the prison personel, especially what they did to the petitioner (after the fact) and anything after the fact is either Malishes or a crime in this case its both. But the judge ignored this hard fact. Even when the PPB acknowleged this act, and continued (with business as usual.)

(1)

cont:

Is justice just for those who are lucky enough to present a petition and have it granted, while ~~somone~~ some one like myself who's shown the court just cause, hard factual evidence. And be denied because of prejustice, and the fact that prison personal have a protected shield to committ ~~sha~~ such acts against prisoners. For ovious reasons this judge thinks and feels that this case has no merit what so ever, no matter how plain and clear the proof is, my case isn't good enough for fair justice as in Defoy and other case's that were given fair justice to the petitioner. I gave this judge every good reason to believe that the ~~petit~~ petitioner's rights were violated, and still the judge sides with the PPB. ~~this~~ This appeal and with objections clearly shows that the ~~petitioner's~~ petition does in fact have <u>merits</u>. Base on factual evidence.



## Certificate of Service

I hereby state that all facts and evidence are true and correct to the best of my memorie, under the penalty of law.

Clerk of Court
Western Dist. Court
 Erie PA.
17 South Park Row,
 ~~Room~~ Erie PA. 16501

Brian Cohen
Brian Cohen
BV-4156
1-25-06