IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN COHEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-283E |
| ) | |
| PENNSYLVANIA BOARD OF ) | |
| PROBATION AND PAROLE, et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM ORDER**

On January 31, 2006, the Court entered an Order dismissing the instant petition for writ of habeas corpus and denying a certificate of appealability (Docket #22). That same date, petitioner filed a Motion for Leave to Amend Habeas Petition (Docket #23), asserting for the first time a claim that the Board of Probation and Parole's denial of reparole on April 24, 2004 violated the Ex Post Facto Clause. As an initial matter, the motion to amend is untimely, since the petition has been dismissed. However, even if the court were to address the motion to amend, it would be denied as futile for the reasons that follow.

Cohen argued in his petition that the Board improperly considered a prior criminal case which was "disposed of by the D.A.'s office", and that he was improperly removed from his treatment program while incarcerated due to personal animosity on the part of a Department of Corrections employee (Docket #5 at ¶12). He made no challenge to Board's action on ex post facto grounds. Likewise, Cohen did not present his ex post facto claim to the state courts. The Court was able to ignore Cohen's failure to pursue state court remedies with respect to the claims he initially raised because there is no available remedy in Pennsylvania courts for a petitioner who assert that the state

parole board considered improper factors. DeFoy v. McCullough, 393 F.3d 439, 444-445 (3d Cir. 2005). His petition was, accordingly, addressed on the merits and dismissed.

Pennsylvania courts do, however, permit challenges by persons who assert that they were denied parole in violation of the Ex Post Facto Clause. Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005). Thus, even if this Court were to permit the late amendment of the instant petition, the petition would be dismissed for failure to exhaust state court remedies. In Parker, the district court granted relief to a petitioner who challenged the denial of parole on ex post facto grounds. The Court of Appeals reversed, finding that the lower court committed error by excusing exhaustion of such a claim. "[S]tate courts should have been given the opportunity to review [a petitioner's] ex post facto claim . . .." 429 F.3d at 64. The same result would apply here.

AND NOW, this 1st day of February, 2006,

IT IS HEREBY ORDERED that petitioner's Motion for Leave to Amend Habeas Petition (Docket #23) is DENIED as being both untimely, and because the amendment would be futile.

                                                                  S/Sean J. McLaughlin
                                                                  Sean J. McLauhglin
                                                                 United States District Judge